IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORIO VALLIN,<br><br>Defendant. | Case No. CR 08-119-S-EJL-2<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is the Motion for Reconsideration of Dismissal of Ground for Violation of Special Condition in Amended Petition on Probation ("Motion for Reconsideration") filed by the Government on March 22, 2010. (Docket No. 138.) The Government asks the Court to reconsider its dismissal of ground 3(D) contained in the Amended Petition on Probation (Docket No. 125) filed in connection with revocation proceedings related to the sentence of probation imposed upon Defendant on February 9, 2009, by the Honorable Edward J. Judge. Currently, the final revocation hearing is set to proceed before Judge Lodge on April 22, 2010. (Docket No. 140.)

Defendant responded to the Motion for Reconsideration and the Government filed

**MEMORANDUM DECISION AND ORDER - 1**

a reply. (Docket Nos. 148, 149.)  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record.  Dist. Idaho Loc. Civ. R. 7.1(d)(1)(i).  As explained more fully below, the Motion for Reconsideration will be denied.

I.     DISPOSITION

   A. Procedural History

This probation revocation proceeding began with the filing of a Petition on Probation ("Petition") on September 21, 2009. (Docket No. 102.)  In brief summary, the Petition contained the following alleged violations of conditions of Defendant's probation: five misdemeanor charges then pending against Defendant in magistrate court in Canyon County; numerous occasions when Defendant failed to attend counseling as directed; three reported instances of Defendant consuming alcohol; and observation by the Probation Officer that Defendant was not wearing a key.  These allegations related to the mandatory condition that Defendant not commit a crime while on probation; the special condition that Defendant participate in a program of testing and treatment for substance abuse; the special condition that Defendant abstain from the use of any controlled substances and consuming alcoholic beverages; and the special condition that Defendant wear a key around his neck.  (Docket No. 102.)

On December 17, 2009, Defendant made his initial appearance on the Petition but

**MEMORANDUM DECISION AND ORDER - 2**

asked for a short continuance.  The hearing was continued to December 22, 2009, and conducted by the undersigned Magistrate Judge.  Defendant waived his right to a preliminary hearing but asked for a detention hearing, which was held that same day, after which Defendant was released on conditions additional to the conditions of probation previously imposed, including release to the custody of his grandmother, electronic monitoring and curfew, and mental health treatment and counseling. (Docket No. 114.) A date for the revocation hearing was not set at that time, although the parties indicated they wanted the hearing set in February, 2010.

On January 4, 2010, notice of a February 23, 2010 date for the final probation revocation hearing before District Judge Lodge was served electronically upon the parties. (Docket No. 117.)  That same day, the undersigned was presented with a Petition for Action on Conditions of Pretrial Release, and a warrant was issued for Defendant's arrest for violation of conditions of his pre-revocation hearing release, most specifically Defendant's failure to abide by the electronic monitoring, curfew and third party custodian conditions. (Docket No. 119.)  Defendant next appeared before the Court on January 12, 2010, when he waived his right to a hearing on the pre-revocation hearing release petition and also waived his right to a detention hearing.  (Docket No. 123.)  At that time, the undersigned ordered detention and Defendant has remained in custody through the present.

An Amended Petition on Probation ("Amended Petition") was filed on January 31, 2010, with notice provided electronically to the Government and to Defendant's counsel,

**MEMORANDUM DECISION AND ORDER - 3**

although the Amended Petition itself was filed under seal.  (Docket No. 125.)  The Amended Petition clarified the law violations in the first section of the Petition and added to section three a positive test result from a urine sample taken from Defendant on January 12, 2010, the day of his appearance following arrest for the pre-revocation hearing violations ("Violation 3(D)").  Despite requests to the Government's counsel for a copy, it is undisputed that Defendant's counsel did not obtain a copy of the Amended Petition from either the U.S. Probation Officer, the Government or the Court before February 22, 2010, one day prior to the scheduled final probation revocation hearing.  Additionally, the first time Defendant's counsel learned that the test on the January 12, 2010 urine sample was positive for "cocaine and marijuana" was upon receipt of the Violation of Probation Report on February 16, 2010.

      The probation revocation hearing set for February 23, 2010, was vacated after Defendant filed a Motion to Dismiss Amended Petition on Probation ("Motion to Dismiss") (Docket No. 131) on the morning of the hearing.  Subsequently, District Judge Lodge asked the undersigned to conduct the proceedings related to the Amended Petition, including the Motion to Dismiss.  Notices of hearing on the Motion to Dismiss and an initial appearance on the Amended Petition were provided to the parties on March 12, 2010, (Docket Nos. 136, 137), and the Court issued an oral ruling on March 19, 2010, which ruling is the subject of the Government's Motion for Reconsideration.  (Docket No. 139.)

      The minutes of the hearing on the Motion to Dismiss, which stand as the Order of

**MEMORANDUM DECISION AND ORDER - 4**

the Court, state:

> Following arrest of Mr. Vallin on 1/11/10 and his detention on 1/12 incident to violation of release conditions, Mr. Vallin did not receive notice of the full contents of the Amended Petition and did not have an Initial Appearance on the Amended Probation Petition (dated 1/26 and filed under seal 1/31)(Docket No. 125) or the opportunity to request a preliminary hearing on the merits of the alleged violation 3(D) in the Amended Petition in advance of the revocation hearing that was set to proceed before Judge Edward J. Lodge on 2/23.  The Motion to dismiss was filed that same day 2/23 (Docket No. 131). Although the Government filed no response to the motion to dismiss, the Government objected to the motion during argument.  The Court finds that the Defendant was not timely afforded the protections of Rule 32.1(b)(1) relative to violation 3(D) in the Amended Petition and that continuation of the revocation hearing to a later date did not cure the procedural irregularities, as argued by the government, in this instance.  The Court hereby DISMISSES Violation 3(D) from the Amended Probation Petition without prejudice to refiling or the Government requesting that Judge Lodge consider the conduct alleged in violation 3(D) in connection with sentencing upon revocation of probation.

The Government filed no written response to the Motion to Dismiss in advance of or at the time of the hearing on March 19, 2010, but now requests the Court to reconsider its ruling.[1]

### B.   Standard of Review-Motions for Reconsideration

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands

---

[1] An initial appearance on the alleged allegations remaining in the Amended Petition followed the Court's dismissal of Violation 3(D), after which Defendant waived his right to a preliminary hearing and admitted the alleged violations that remained in the Amended Petition.

**MEMORANDUM DECISION AND ORDER - 5**

forward progress.  The need to be right must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigan's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v. Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

### C. Due Process Afforded in Rule 32.1 Proceedings

In the Motion to Dismiss, Defendant contended that the Government violated the due process protections afforded to defendants in revocation proceedings.  Although the full panoply of due process is not required for post-conviction revocation proceedings under Rule 32.1, the Supreme Court of the United States has clearly held that revocation hearings must be conducted according to the principles of fundamental fairness.  *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Morrissey v. Brewer*, 408 U.S. 471 (1972).  Rule 32.1 incorporates fundamental fairness and due process protections, including timeliness requirements, with respect to three hearings: an initial appearance before a magistrate judge "without unnecessary delay;" a preliminary hearing (which may be combined with the initial appearance and may be waived) "promptly" conducted by a magistrate judge; and a final hearing before the sentencing judge "within a reasonable time."

**MEMORANDUM DECISION AND ORDER - 6**

Here, Defendant contends that the lack of an initial appearance on the Amended Petition prior to the revocation hearing set for February 23, 2010, deprived Defendant of his right to request a preliminary hearing on the newly alleged Violation 3(D) or to otherwise timely prepare his defense to this substantive and significant addition to the Petition.  Defendant explains that on February 23, 2010, he was prepared to proceed to a final hearing on the Petition but not on the Amended Petition.[2]

The unique circumstances of this revocation proceeding present the question whether, relative to the Amended Petition, the due process protections applicable to revocation proceedings set forth in Rule 32.1 were provided, and if not, whether Defendant suffered prejudice as a result.  Unfortunately, there are no hard or fast rules regarding the "prompt" and "reasonable time" parameters for due process in connection with probation revocation proceedings.  However, the Court finds some guidance from the Ninth Circuit in *United States v. Santana*, 526 F.3d 1257, 1263 (9th Cir. 2008), referenced by both parties in their briefs.  Consistent with prior Ninth Circuit decisions, *Santana* holds that relief in the form of dismissal of a revocation proceeding is not called for "unless there was both unreasonable delay and prejudice."  *Santana*, 526 F.3d at 1263.  A determination of reasonableness requires a "sort of balancing judgment in which the length of delay is considered in connection with the reasons for the delay."  *Id.* at 1263.

---

[2] Although Defendant also alleges he was not timely provided discovery related to the Petition, the focus of the Motion to Dismiss and the Court's ruling pertains merely to the alleged lack of timely due process on the Amended Petition.

**MEMORANDUM DECISION AND ORDER - 7**

Upon review of the Government's Motion for Reconsideration and the record regarding the revocation proceedings in this case, the Court interprets the Government's motion to allege that the Court erred when granting Defendant's Motion to Dismiss in part and by dismissing Violation 3(D) alleged in the Amended Petition.  More specifically, the Court interprets the Government's motion to contend that the delay in providing Defendant due process on the Amended Petition was not unreasonable and, furthermore, resulted in no actual prejudice to Defendant.  The Court will address each of these arguments in turn.

### 1. Unreasonable Delay

Although the Government does not expressly argue that the delay in providing Defendant with an initial appearance on the Amended Petition, specifically on Violation 3(D), was not unreasonable, the Government has offered several and somewhat inconsistent explanations for the delay.  During the hearing on the Motion to Dismiss, the Government claimed the delay was the result of "inadvertence" or "oversight."  (Am. Tr. at 8, Docket No. 145.)  Additionally, the Government claimed no responsibility for the Amended Petition and the decision to add the positive drug test from the sample taken on January 12 as an alleged violation in support of revocation of probation, deferring instead to the U.S. Probation Officer.  In the Motion to Reconsider, the Government adds the argument, for the first time, that Defendant's counsel waived her client's right to an initial appearance and preliminary hearing through informal agreement with counsel for the Government that the initial appearance on the Amended Petition could be conducted

**MEMORANDUM DECISION AND ORDER - 8**

at the time of the final hearing set before the District Judge.[3] (Mot. at 4, Docket No. 138.) Finally, the Government argues that, because the Court has not blamed the Government lawyers or the U.S. Probation Officer for the delay, it must not have been unreasonable.

None of the Government's explanations offered during the hearing or in the Motion for Reconsideration to justify the lack of an initial appearance and an opportunity to request a preliminary hearing on the Amended Petition promptly after it was filed and within a reasonable time before the final revocation hearing was scheduled alter this Court's conclusion that Defendant's due process rights were delayed unreasonably. The Court views the responsibility as one shared between Probation and the Government, which represents Probation in prosecution of the revocation proceeding. If a decision is made to bring an alleged violation to the Court's attention for purposes of requesting revocation of probation or supervised release, the defendant's due process rights are implicated. For the Government to suggest that Probation was on its own in this regard is neither consistent with the practice in this District nor with the facts of this case, because the Government represented Probation during the initial proceedings on the Petition, on the Petition to revoke pre-revocation release, and by filing a motion for detention in connection with the Amended Petition on February 3, 2010. (Docket No. 129.)

With regard to the Government's argument that the Court did not blame the

---

[3] Defendant's counsel adamantly denies any such waiver, informal or otherwise. Further, neither Defendant or his counsel had seen the Amended Petition prior to the time this alleged agreement occurred and an initial appearance noticed for February 4, 2010, was vacated without explanation in the record.

**MEMORANDUM DECISION AND ORDER - 9**

lawyers or the Probation Officer for the delay, the Government has taken the Court's comments during the hearing out of context. After listening to counsel for the Government suggest that everyone else, including Probation, Defendant's counsel, and even the Court, was to blame for the lack of timely due process, the Court stated that assessment or apportionment of blame was not relevant to the Court's finding that, from a factual perspective, procedural due process had not been timely provided regarding Violation 3(D). Although the length of delay between the filing of the Amended Petition and the previously scheduled revocation hearing was not in itself substantial, there was ample time for an initial appearance and a preliminary hearing, if requested, which would have negated lack of knowledge and preparedness by Defendant during the final hearing. The Court perceived no need to assess, apportion or characterize blame when granting the Motion to Dismiss in part.[4]

---

[4] The Court believes assessment, apportionment or characterization of culpability remains unnecessary, given that there is no evidence that Defendant waived his right to an initial appearance or preliminary hearing on Violation 3(D) in the Amended Petition.

**MEMORANDUM DECISION AND ORDER - 10**

### 2. **Actual Prejudice to Defendant**

At the time of the hearing on Defendant's Motion to Dismiss on March 19 and in the Motion to Reconsider, the Government has asserted that there was no actual prejudice to Defendant as a result of the delay, regardless of whether the delay was reasonable or unreasonable and regardless of whether the Government is culpable for the delay. The Ninth Circuit identified three types of actual prejudice in *United States v. Santana* when applying Speedy Trial Clause authority by analogy in the context of revocation of supervised release or probation: "oppressive pre-trial incarceration, unnecessary anxiety of the accused, and impairment of the accused's ability to mount a defense." 526 F.3d at 1261 (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)). The Ninth Circuit further stated that "[t]he longer the delay, the less the showing of prejudice required, until an extremely lengthy delay attributable to government negligence creates a 'strong presumption that [the defendant] suffered prejudice,' which the government has the burden to rebut." *Id.*

Here, the Government posits that vacation of the February 23 final revocation hearing allowed time for Defendant to mount his defense to the additional violation in the Amended Petition and, given such, there was no actual prejudice to Defendant. While at first blush the Government's argument may sound logical, the fact that Defendant has remained in custody since January 12, 2010, on a sentence of probation, is not recognized appropriately by the Government. Instead, the Government argued during the hearing on the Motion to Dismiss that there was no prejudice to Defendant because he "would not be

MEMORANDUM DECISION AND ORDER - 11

in jail but for his violations of the Court's [pre-revocation hearing release] order." (Am. Tr. at 20, Docket No. 145.) Further, the Government contends that continuation of the final revocation hearing cured any prejudice to Defendant caused by lack of time to prepare a defense against Violation 3(D) in advance of the February 23 hearing. The Government's arguments miss the point.

The undersigned does not have the benefit of hindsight for determining whether actual prejudice to Defendant resulted, because the revocation hearing on February 23 did not occur. Although the Government stated during argument that the guidelines for incarceration of Defendant upon revocation are "longer than the time that he is currently in confinement," (Am. Tr. at 19, Docket No. 145), the fact remains that Defendant asked the Court to proceed with the revocation hearing on the initial petition in the motion to dismiss filed February 23, 2010. The Court declines to speculate about how Judge Lodge would have ruled and the sentence he may have imposed upon revocation if the revocation hearing on either the Petition or the Amended Petition had occurred on February 23, 2010. However, without this information, the Court cannot say with any certainty that the delay in providing Defendant his due process rights on the Amended Petition, which resulted in continuation of the final revocation hearing, did not result in actual prejudice to him.

**MEMORANDUM DECISION AND ORDER - 12**

## II. CONCLUSION

Based on the foregoing, the Court concludes that clear error was not committed by dismissing Violation 3(D) from the Amended Petition given the unique set of facts and circumstances presented with this revocation proceeding. Accordingly, the Government's Motion for Reconsideration is hereby denied.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) The United States's Motion for Reconsideration (Docket No. 138) is **DENIED.**



DATED: April 16, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**